# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RANDLE S. JENSEN,** | ) | |
| | ) | Civil Action No. 8:14-cv-390 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **CHAMPION WINDOWS OF OMAHA, LLC,** | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Joint Motion for Entry of Protective Order (filing 15). The Court, being fully advised in the premises, finds that a protective order should be entered.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the following provisions shall apply to all discovery conducted in this action, regardless of date:

1. This Protective Order governs the handling of designated material produced or obtained by the parties, as well as documents and information provided by non-parties. Such material includes documents, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter designated as "Confidential Information." For purposes of this Protective Order, the parties may claim confidentiality treatment and designate as "Confidential Information" any and all documents, materials and information entitled to protection, including specifically, but not limited to, the following:

    a. Defendant Champion Windows of Omaha, LLC and its parent and affiliated corporations (collectively "Defendant's") business records, documents evidencing

        Defendant's trade secrets and personnel records related to Defendant's employees, and Defendant's financial records;

    b.    Any and all employment record, financial records and tax records, documents, materials or information with respect to Plaintiff; and

    c.    Documents, materials or information that are subject to any other protective order or agreement, confidentiality order or agreement, or any other order, ruling or agreement preventing or limiting the disclosure of those documents, materials or information.

2.    The party claiming confidentiality treatment of any Confidential Information is referred herein as the "Designating Party."

3.    Confidential Information shall include all materials described in Paragraph 1, without the necessity of stamping or marking the documents "confidential."

4.    The contents and substances of Confidential Information shall only be used or copied for the purposes of conducting the instant litigation and shall not be used or copied for any other purposes or public use thereof. No Confidential Information shall be revealed, except as hereinafter provided, until further Order of the Court. This Protective Order shall not be construed as preventing any person from making use of any information which was lawfully in possession of that person prior to the date of this Protective Order.

5.    Confidential Information shall be made available only to "Qualified Persons" and only such Qualified Persons shall be present while discovery related to such Confidential Information is being conduct. No other person shall have access to Confidential Information without approval of the Designating Party or without approval of the Court, nor shall any such other person be

informed of such Confidential Information by any person having access to it. "Qualified Persons" as used herein means:

    a. To the named parties in this action, including employees of Defendant who are assisting counsel in this case, provided that such employees are made aware of this Protective Order and agree in writing to abide by same;

    b. To counsel of record for the parties and their co-counsel, partners, associates, and employees who actually are assisting in the litigation;

    c. To persons required by counsel of record to assist in conducting this litigation, including witnesses, experts and consultants retained or employed to consult with, advise, or assist counsel of record in the preparation or trial of this action, but only if, before disclosure, such person is made aware of this Protective Order and agrees in writing to abide by same.

    d. To the Court and officers of the Court in accordance with the provisions of paragraph 9;

    e. To persons shown on the face of the document to have authored or received it; and

    f. To any other persons to whom the parties in writing agree.

6. Material designated as Confidential Information may be use to examine or cross-examine any deposition or trial witness who is not otherwise authorized to received such material if a prior written agreement is obtained from such witness in conformity with Paragraph 5(c) above. If any transcripts of depositions answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Information subject to this Protective Order or summarize material from such documents, the party causing

the Confidential Information to be filed shall file such pleadings or other papers to be filed with the Court in appropriate manner that causes such Confidential Information to be protected and filed under seal. In order to not inadvertently cause Confidential Information to be disclosed without the appropriate seal or protection of privilege where reference to Confidential Information is required in pleadings, briefs, motions, examination, cross-examination, or argument, it shall be by title, exhibit number, or some other description that will not impair the protected nature of the seal of Confidential Information. Failure to designate any document or thing shall not constitute a waiver of any claim outside this litigation that such document or thing contains Confidential Information. Prior to any trial in this case, counsel for the parties shall endeavor to reach agreement on the handling of Confidential Information at that trial, so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at such trial.

7.  Each court reporter taking any testimony relating to Confidential Information shall be informed of and provided with a copy of this Protective Order and shall adhere to the provisions thereof.

8.  The production of any documents subject to this Protective Order shall not be deemed as a waiver of any objections of the admissibility of such documents or their contents that may exist under the Nebraska Rules of Evidence, and no such waiver shall result from any answers to interrogatories filed by a party. It is the intent of the Court that any such objections may be asserted up to and including the time of the entry of the final pretrial order or, in the Court's discretion, at trial. The inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall

4

not waive the protection or the privilege for either that documents or for the subject matter of that document.

9. Nothing herein shall preclude a party from seeking relief from the protections provided by this Protective Order or from challenging the designation of any document as Confidential Information on such notice as appropriate under the circumstances, or seeking such other relief as may be appropriate. Any party hereto may apply to the Court by motion for modification of or release from this Protective Order. Should counsel for the non-disclosing party object to the designation by the Designating Party of any particular material as Confidential Information such counsel at any time may notify counsel for the Designating Party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been improperly classified and the basis for his or her contention that said document should not be designated as Confidential Information. Upon receipt by the Designating Party of such written objection, counsel shall negotiate and attempt in good faith to resolve the dispute as to the designation. If counsel are unable to resolve such a dispute, then counsel for the Designating Party may file with the Court a motion regarding the designation of such material as Confidential Information. If counsel for the Designating Party does not file such a motion within 30 days of service of said objection, the documents at issue will no longer be considered Confidential Information. Otherwise, during the pendency of any such objection, dispute, or motion, the material in question shall remain Confidential Information and be handled in accordance with the terms of this Protective Order.

10. All parties, their counsel, and any person who receives or is afforded access to any Confidential Information shall not suffer or permit disclosure of Confidential Information in

violation of this Protective Order and shall exercise good faith and reasonable care to avoid unnecessary disclosure.

11.     Any party who receives from a nonparty a subpoena or other process purporting to require disclosure of Confidential Information shall forthwith provide notice thereof to all other parties and their counsel.

12.     At the conclusion of this case, including appeal, counsel for each of the parties shall, upon written request by the Designating Party, within 60 days of said request, destroy (and certify such destruction) or return to the other party all of the Confidential Information and all copies thereof that each has received pursuant to this Protective Order, whether obtained during the course of pretrial discovery or at trial.  Notwithstanding this paragraph, counsel may for professional purposes retain copies of transcripts, court filings, correspondence and other attorney work product that incorporate Confidential Information, but any such documents shall remain Confidential Information and subject to the restrictions contained in this Protective Order. In addition, the Clerk may return to counsel or destroy (and certify such destruction) any sealed material in its possession upon such time as all proceedings are complete, including any final appeals.

13.     Failure to enforce any terms of this Protective Order shall not constitute a waiver of any rights or deprive the disclosing party of the right to insist thereafter upon strict adherence to that or any other term of this Protective Order nor shall a waiver of any breach of this Protective Order constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Protective Order shall occur except as provided in this document. Further, nothing herein shall restrict the parties in any way from seeking stricter protections or refusing production of a document because the protections afforded hereunder are insufficient in one or

more ways or from seeking to modify this Protective Order, by way of motion or otherwise, or from seeking further and/or additional protections from the Court regarding Confidential Information.

14. Disputes arising under this Protective Order shall be resolved by the U.S. District Court of Nebraska. Any person or entity violating this Protective Oder may be punished for contempt of Court.

15. This Protective Order shall not terminate upon the conclusion of this action but shall continue until further Order of the Court. This Court retains jurisdiction of the parties hereto indefinitely as to any dispute between them regarding improper use of confidential information pursuant to this Protective Order or until the party claiming confidentiality has waived the same in writing.

**IT IS SO ORDERED.**

**DATED April 16, 2015.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**